## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THE BURLINGTON INSURANCE CO.,**

**Plaintiff,**

**v.**

**MADISON GARRETT, SR., MEDORA
GARRETT, PHILLIPS-GARRETT INC.,
d/b/a GARRETT'S PINK SLIP EXOTIC
BAR, and AMOS BLANCHARD,**

**Defendants.**                                                       **No. 10-cv-00817-DRH**


## ORDER

**HERNDON, Chief Judge:**

Before the Court is a stipulation (Doc. 31) entered into between plaintiff The Burlington Insurance Company and defendants Madison Garrett, Sr., Medora Garrett, and Phillips-Garrett Inc., d/b/a Garrett's Pink Slip Exotic Bar (collectively the Garrett defendants unless context requires otherwise), and the Garrett defendants' motion for leave to file a response to show cause order and answer out of time (Doc. 30). For the reasons that follow, the Court **ACKNOWLEDGES** the stipulation (Doc. 31) and **DIRECTS** the Clerk to enter judgment pursuant to Federal Rule of Civil Procedure Rule 54(b). The motion for leave to file a response to show cause order and answer out of time (Doc. 30) is **DENIED** as moot.

This case involves a declaratory judgment action brought by plaintiff against the Garrett defendants and defendant Amos Blanchard. Specifically,

plaintiff seeks a declaratory judgment that it does not have a duty to defend or indemnify the Garrett defendants in Blanchard's state law suit against the Garrett defendants. Blanchard's state law claims stem from a gun shot injury he sustained while at Garrett's Pink Slip Exotic Bar. Plaintiff added Blanchard to the declaratory judgment action as a potential necessary party only and no affirmative relief is sought against him.

In plaintiff and the Garrett defendants' stipulation (Doc. 31), they stipulate that the Garrett defendants are named in a civil action in state court, that the Garrett defendants sought coverage for the state court suit under a policy issued by plaintiffs to the Garrett defendants, and that plaintiff denied that it had any obligation to defend or indemnify the Garrett defendants in the state suit. They further stipulate that plaintiff brought this declaratory action against the Garrett defendants and Blanchard and that the Garrett defendants now concede that no coverage exists for the claims against them in the state suit. Accordingly, they request the Court to enter a judgment against the Garrett defendants and in favor of plaintiff.

Pursuant to Federal Rule of Civil Procedure Rule 54(b), "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." FED. R. CIV. PRO. 54(b). Here, the only claim remaining would be plaintiff's complaint for declaratory judgment against defendant Blanchard, which as we noted above was only named as a potential necessary party and no

affirmative relief is being sought against him. The Court finds that there is no just reason for delaying entry of judgment in favor of plaintiff against the Garrett defendants. Therefore, the Court **ACKNOWLEDGES** plaintiff and the Garrett defendants' stipulation (Doc. 31) and **FINDS** that there is no just reason for delay of entry of judgment in favor of plaintiff and against the Garrett defendants only. The Court directs the Clerk to enter judgment pursuant to Rule 54(b) accordingly. As to plaintiff's remaining claim against defendant Blanchard, plaintiff is ordered to show cause why its claim against Blanchard should not be dismissed and the case closed. Plaintiff has until April 20, 2011, to do so. Otherwise, the Clerk is directed to close the file.

      **IT IS SO ORDERED.**

      Signed this 13th day of April, 2011.

Digitally signed by
David R. Herndon
Date: 2011.04.13
13:39:15 -05'00'

**Chief Judge**
**United States District Court**